**Carolyn Willis MEREDITH and The Estate of Davis Williams, Appellants,**

**v.**

**Clifton Junior MEREDITH, Finley Ash, Appellees.**

Court of Appeals of Kentucky.

July 31, 1981.

Charles Williams, Munfordville, for appellants.

Joseph A. Davis, Sr., Shively, Daniel M. Kininmonth, New Albany, for Finley Ash.

Dale Morris, Hodgensville, for Clifton Junior Meredith.

John T. McGarvey, Louisville, for Liberty National Bank.

Before GANT, GUDGEL and VANCE, JJ.

GANT, Judge.

The sole question on this appeal is whether an attorney's fee should be allowed and taxed as a part of the costs in an action for divorce where there was also a sale of indivisible real estate as a part of that action. The lower court refused to allow such fee and we affirm.

Carolyn Meredith brought this action against her husband, Clifton Meredith, asking for a dissolution of the marriage and sale and proceeds division of a certain lot owned by husband and wife, property being indivisible. Custody of the children was agreed upon, and the only issues remaining in the case were the divorce itself and a sale of this one piece of property. The lot was mortgaged to appellee Finley Ash for $2,438.70. It was ordered sold and Ash became the purchaser at the judicial sale for $2,900, which sum, after payment of costs of sale and interest, left a deficit balance. Davis Williams, attorney for the wife, moved for an attorney's fee of $350 to be paid out of the proceeds of the sale, which motion was denied.

Appellant Williams argues that the law in Kentucky under KRS 389.020(1), and cases thereunder, clearly requires the payment of attorney's fee from the proceeds when there is a sale or partition of indivisible lands. We have no quarrel with that.

However, this was an action for divorce, not a partition suit as envisioned by KRS 389.020(1).

It is the holding of this Court that where the sale or partitioning of real estate is merely incidental, and not primary, in an action such as this action for divorce, the court is precluded from awarding an attorney's fee to be taxed as a part of the costs and paid out of the proceeds from the sale of the property. The remedy in this case would be recovery from the husband pursuant to KRS 403.220. *See* 94 A.L.R.2d, § 9, page 586.

The judgment is affirmed.

All concur.